IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| UNITED STATES OF AMERICA | CR. No. 3:14-cr-429-TLW |
|---|---|
| v. | |
| JAMES R. METTS | **MOTION FOR SPECIALIZED JURY QUESTIONNAIRE AND DISTRICT-WIDE JURY PANEL** |

COMES NOW the United States of America, by and through Assistant United States Attorney, Julius N. Richardson, and moves this Honorable Court to utilize a specialized written questionnaire for jury selection and to draw from a district-wide petit jury panel.

I.   **Specialized Jury-Selection Questionnaire**

First, the Government requests that the Court utilize a specialized jury-selection questionnaire. Counsel for Metts agrees conceptually with the use of such a questionnaire.[1]

This Court has broad discretion in addressing the voir dire procedure. *United States v. Lancaster*, 96 F.3d 734, 738 (4th Cir. 1996) (en banc); *see generally* Fed. R. Crim. Pro. 24. In exercising that discretion, this Court should consider voir dire's "dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991). The use of comprehensive written questionnaires is a "common practice" in the Fourth

---

[1] Counsel is scheduled to meet in advance of the September 3, 2014, pre-trial conference, in hopes of reaching an agreement on a proposed questionnaire for the Court's consideration.

1

Circuit. *United States v. Rolle*, 204 F.3d 133, 135 (4th Cir. 2000). *See also United States v. Benyo*, No. 1:05-cr-12 (E.D. Va. 2006) (ECF No. 457) (178-question juror questionnaire approved by the Court); *United States v. Skilling*, 561 U.S. 358, 371 (2010) (use of a "77-question, 14-page" questionnaire); *In re South Carolina Press Ass'n*, 946 F.2d 1037, 1041 (4th Cir. 1991) (use of an "18-page questionnaire containing 66 sections").

Particularly in a public corruption case, the use of an extensive written questionnaire is well-accepted. *See*, *e.g.*, *United States v. Jefferson*, No. 1:07-cr-209 (E.D. Va. 2009) (ECF No. 421) (approval of 16-page, 40-part questionnaire); *United States v. Edwards*, No. 1:11-00161 (M.D.N.C. 2012) (ECF No. 262) (approval of 18-page, 84-part questionnaire).[2] The Government will submit, following consultation with defense counsel, a proposed juror questionnaire (along with any questions on which there is a dispute). In doing so, the Government requests that this Court consider using the proposed questionnaire in order to ensure that both sides may select an impartial jury by identifying those that should be struck for cause and by permitting the parties to properly utilize preemptory strikes.

---

[2] Some courts have found it appropriate to require the potential jurors to complete their answers to the questionnaire at the courthouse. *See*, *e.g.*, *United States v. Edwards*, No. 1:11-cr-00161 (M.D.N.C. 2012) (ECF No. 214) (ordering prospective jurors to complete 18-page, 84-part questionnaire at courthouse); *United States v. Jefferson*, No. 1:07-cr-209 (E.D. Va. 2009) (ECF No. 421) (ordering prospective jurors to complete 16-page, 40-part questionnaire at courthouse); *United States v. Stevens*, No. 1:08-cr-00231 (D.D.C. 2008) (ECF No. 7) (ordering in-court completion of questionnaire). That procedure appears to be unnecessary based on judicial economy concerns so long as the questionnaire includes appropriate instructions (*e.g.*, do not discuss the case, do not read any press accounts, etc.).

## II.     District-Wide Petit Jury Panel

Second, the Government requests that the court utilize a district-wide petit jury instead of a panel drawn only from Area B (Columbia, Florence, and Rock Hill divisions). Counsel for Metts agrees with the use of a district-wide panel.

The Jury Selection Plan for the District of South Carolina (established in conformity with the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861 et seq.), permits a district-wide (or centralized) petit jury upon order of the Chief Judge. *See* Jury Selection Plan at 6 (3:11-mc-2153).[3] Such requests have been utilized in a number of public corruption cases, including the recent prosecution of a former sheriff in *United States v. Edgar Jerome Melvin*, Cr. 3:10-cr-580-CMC. Good reasons support the use of district-wide panels in significant public corruption cases. First, media attention is focused on the area in which the former public official served. Utilizing a state-wide panel helps in drawing individuals that have not been tainted by news reports. *See generally Skilling*, 561 U.S. at 377-395 (discussing potential juror prejudice).[4] Second, the time elected officials have spent campaigning and serving in their area has the

---

[3] The Sixth Amendment provides in pertinent part that "the accused shall enjoy the right to a ... public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const. Amend. VI. Trial judges have the discretion to order that a jury be drawn from an entire federal district or from a division of that district. *See generally United States v. Florence*, 456 F.2d 46, 50 (4th Cir. 1972) (upholding conviction from trial with pool of potential jurors drawn from outside division of district where defendant lived); *United States v. Grisham*, 63 F.3d 1074, 1081 (11th Cir. 1995) (upholding conviction where jury selection was district-wide).

[4] While there has been some state-wide and national news reports related to this case, those reports are limited in both scope and audience compared with the coverage in the Midlands.

potential to influence jurors. A state-wide panel reduces the likelihood of someone being selected that has had either positive or negative interactions with the former public official. Thus, the Government requests that this Court consider using a district-wide panel to ensure the selection of an impartial jury.

∗ ∗ ∗

For the reasons stated above, in the interest of justice and for good cause shown, the United States respectfully requests this Court permit the use of a specialized jury-selection questionnaire and to utilize a district-wide petit jury.

        Respectfully submitted,

        WILLIAM N. NETTLES
        UNITED STATES ATTORNEY

        BY: s/Julius N. Richardson
        JULIUS N. RICHARDSON (ID #9823)
        Assistant United States Attorney
        1441 Main Street, Suite 500
        Columbia, SC 29201
        (803) 929-3000

August 25, 2014

### CERTIFICATE OF SERVICE

I hereby certify that I have this date caused one true and correct copy of the within document to be served on the defendant(s) in the above-captioned case, via the Court's e-noticing system, but if that means failed, then by regular mail, on all parties of record.

        *s/ Julius N. Richardson*
        Julius N. Richardson (#9823)
        Assistant U. S. Attorney
        1441 Main Street, Suite 500
        Columbia, SC 29201
        (803) 929-3000

August 25, 2014