IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No: 3:14-429-TLW |
| v. | ) |
| | ) |
| **JAMES METTS** | ) PLEA AGREEMENT |
|     a/k/a "Jimmy Metts" | ) |
|     a/k/a "Sheriff Metts" | ) |
|     a/k/a "Lexington County | ) |
|         Sheriff" | ) |

### General Provisions

This PLEA AGREEMENT is made this 21st day of December, 2014, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney Julius N. Richardson; the Defendant, **JAMES METTS, a/k/a "Jimmy Metts," a/k/a "Sheriff Metts," a/k/a "Lexington County Sheriff,"** and Defendant's attorneys, Scott Schools and Sherri Lydon.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 10 of the Indictment, charging conspiracy to harbor certain aliens, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(A)(iii).

In order to sustain its burden of proof, the Government is required to prove the following:

1

- First, two or more persons entered an agreement with the purpose to harbor, conceal, and shield from detection, or attempt to harbor, conceal, and shield from detection an illegal alien.

- Second, the defendant knowingly and voluntarily joined the conspiracy.

- Third, the defendant knew or acted in reckless disregard of the fact that the illegal alien was not lawfully in the United States.

The penalty for this offense is:

- A maximum term of imprisonment of not more than 10 years; a fine of not more than $250,000, a term of supervised release of not more than three years, plus a special assessment of $100.00.

2. The Defendant understands and agrees that monetary penalties [*i.e.*, special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

   A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special

assessment must be paid at or before the time of the guilty plea hearing.

B. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

**Merger and Other Provisions**

4. The Defendant represents to the court that he has met with his attorneys on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorneys and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorneys have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the

3

Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

5. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

6. If the Defendant complies with all the terms of this Agreement, the Government agrees to dismiss the remaining counts of the Indictment.

7. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

12/21/14
DATE

JAMES METTS, DEFENDANT

12/21/14
DATE

SCOTT SCHOOLS
ATTORNEY FOR THE DEFENDANT

12/21/14
DATE

SHERRI LYDON
ATTORNEY FOR THE DEFENDANT

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

12/21/14
DATE

JULIUS N. RICHARDSON
ASSISTANT UNITED STATES ATTORNEY

5